UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KYLE SIRIANI,

Petitioner,

-against-

JAMES T. CONWAY, Superintendent, Auburn Correctional Facility,

Respondent.

---

**MEMORANDUM & ORDER**

07-CV-3504 (ENV)

**VITALIANO, D.J.**

Pro se petitioner Kyle Siriani filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the writ is denied and the petition is dismissed.

## I. DISCUSSION

On August 12, 2003, petitioner Kyle Siriani was convicted of burglary in the second degree. He was given a sentence of 18 years to life imprisonment pursuant to New York's persistent violent felony offender ("PVFO") statute, N.Y. Penal Law § 70.08. Siriani appealed his conviction to the Appellate Division, Second Department, raising three claims: (1) the prosecution violated a pre-trial Sandoval ruling regarding impeachment if he chose to testify; (2) prosecutorial misconduct during summation; and (3) unconstitutionality of his adjudication and sentencing as a PVFO, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). The Appellate Division affirmed the conviction. People v. Siriani, 27 A.D.3d 670, 811 N.Y.S.2d 127 (2d Dep't 2006). On May 16, 2006, Siriani's application for leave to appeal was denied by the Court of Appeals. People v. Siriani, 6 N.Y.3d 898, 817 N.Y.S.2d 633 (2006). Siriani applied for a writ of error coram nobis, on the ground of ineffective assistance of appellate counsel. The Appellate

Division rejected this application on January 8, 2008. People v. Siriani, 47 A.D.3d 647, 848 N.Y.S.2d 541 (2d Dep't 2008). The Court of Appeals denied leave to appeal on September 2, 2008. People v. Siriani, 11 N.Y.3d 795, 866 N.Y.S.2d 621, 896 N.E.2d 107 (2008).[1]

Siriani's habeas petition rehashes his Apprendi and prosecutorial misconduct arguments and adds two others he advanced in seeking coram nobis relief, namely, that there was insufficient evidence to support the verdict, and that he was denied effective assistance of trial counsel. Petitioner later submitted the briefs and other filings from his unsuccessful and fully exhausted coram nobis application. Though Siriani did not explicitly move to amend his petition to include his coram nobis arguments, the Court will liberally construe the petition to be so amended. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) (holding that pro se allegations of habeas petitioners are to be liberally construed).

Petitioner's first two claims were both decided on adequate and independent state law grounds and are therefore unreviewable by a federal habeas court. Siriani failed to lodge a contemporaneous objection at trial to either the alleged prosecutorial misconduct or the finding that he was a PVFO, and the Appellate Division found those issues to have been unpreserved for appellate review. People v. Siriani, 27 A.D.3d at 670, 811 N.Y.S.2d at 127. New York law requires contemporaneous objections in order to focus judicial attention on issues truly controversial, to permit the trial court to cure its own errors, and to identify with precision issues for appellate review. See N.Y. Crim. P. Law § 470.05(2)). Failure to comply with this long-standing practice is an adequate and independent state law ground that renders a state conviction

---

[1] Siriani also filed a motion to vacate the judgment, pursuant to N.Y. Crim. P. Law § 440.10, but this is not relevant to the Court's decision. All the claims raised there were either not raised on direct appeal, when they could and should have been, and are thereby forfeited, N.Y. Crim. P. Law § 440.10(2)(c), or they are procedurally defaulted and unreviewable by a federal habeas court, as stated infra.

unreviewable by a federal habeas court, see Richardson v. Greene, 497 F.3d 212, 217-20 (2d Cir. 2007), absent a showing of cause for the failure to object at trial and prejudice resulting therefrom, neither of which petitioner has provided here, see Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994) ("Federal courts may address the merits of a claim that was procedurally defaulted in state court only upon a showing of cause for the default and prejudice to the petitioner."), cert. denied, 514 U.S. 1054. Consequently, petititoner's claims of prosecutorial misconduct and violation of Apprendi are dismissed as procedurally defaulted.[2]

Petitioner's third and fourth claims, for insufficient evidence and ineffective assistance of trial counsel, were not raised in his direct appeal and are thereby procedurally barred. Under New York law, Siriani's claims were forfeited when he did not raise them on direct appeal, and those claims are now procedurally defaulted. See N.Y. Crim. P. L. § 440.10(2)(c); Aparicio v. Artuz, 269 F.3d 78, 91 (2d Cir. 2001); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993). Again, given that Siriani has shown no cause for the procedural defaults, those defaults bar the Court from reviewing the merits of Siriani's claims. See Bossett, 41 F.3d at 829.

---

[2] Even if the Court were to address the merits of petitioner's Apprendi argument, it would fail, given the Second Circuit's recent en banc decision rejecting habeas petitioners' Apprendi challenges to the New York persistent felony offender ("PFO") statute. See Portalatin v. Graham, 624 F.3d 69 (2d Cir. 2010). In Portalatin, the court specifically distinguished New York's PFO statute, which permits judges to issue enhanced sentences, from the PVFO statute (under which Siriani was sentenced), which *requires* such enhancement and does not allow any judicial discretion. Id. at 73-74. Given that Portalatin denied the petitions of defendants convicted under the PFO statute, which had raised some possible issues of impermissible judicial fact-finding, it is extremely unlikely that any court in this circuit would look favorably on a habeas petitioner raising a constitutional challenge to the PVFO statute, under which such fact-finding is forbidden. See, e.g., Quan v. Potter, No. 06-CV-4841, 2007 WL 3223217, at *7 (E.D.N.Y. Oct. 29, 2007) ("Unlike § 70.10, the discretionary persistent felony offender statute which raises Sixth Amendment concerns . . . § 70.08, the mandatory persistent felony offender statute does not implicate Quan's Sixth Amendment right to a jury determination.").

Moreover, petitioner's arguments regarding ineffective assistance of counsel, drawn from his failed coram nobis application and from the record below, do not demonstrate that trial counsel's performance substantively violated Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). So too with respect to appellate counsel's performance. Siriani contends that, among other things: (1) appellate counsel did not discuss the issues with him; (2) he had no opportunity to review the appeal brief prior to its submission; (3) the arguments were poorly drafted; and (4) counsel omitted meritorious arguments, including ineffective assistance of trial counsel, prosecutorial misconduct, and insufficient evidence. Yet petitioner provides no factual elaboration, affidavit, or record cites (nor are any readily apparent) to support these blunt assertions, and his memorandum of law consists entirely of conclusory boilerplate lacking any demonstration linking legal principles to the facts of Siriani's appellate representation. Indeed, the memorandum submitted by Siriani even includes blanks where he was supposed to fill in such arguments, but failed to do so. Siriani also submitted several amendments to his coram nobis application, but none of these touched upon his ineffective assistance of counsel claim. In short, none of these additional contentions lends any support to Siriani's habeas case. As a result, these claims fail as well.

## II. CONCLUSION

For all of the foregoing reasons, Siriani's petition for a writ of habeas corpus is dismissed with prejudice, and the writ is denied. Since Siriani has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma*

*pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 28, 2011

/Signed by Judge Vitaliano/
ERIC N. VITALIANO
United States District Judge